**SO ORDERED.**

**SIGNED this 8 day of March, 2023.**

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

In Re:
**LINDA GREENE**

Social Security No. xxx-xx-8929
Address: 10860 US Highway 17 S., Pollocksville NC 28573-

Debtor

**CASE NO.  22-01830-5-JNC**
**CHAPTER    13**

## ORDER PARTIALLY AVOIDING JUDICIAL LIEN OF CAROLINA WINDOWS & DOORS, INC.

Pending before the court is the motion to avoid judicial lien pursuant to 11 U.S.C.§ 522(f) and Federal Rules of Bankruptcy Procedure 4003(d) and 9014, and to approve an additional attorney fee, filed by Linda Greene ("the Debtor") on or about February 16, 2023. Having considered the motion and other matters of record in this case, the court finds and concludes:

1. All parties-in-interest have received notice of the motion, and no party has timely objected to the relief requested in the motion.

2. The Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on August 17, 2022 ("Petition Date").

3. The Debtor owns a 100% title interest in real property ("Property") as described in Book 347 at Page 894 and recorded on 01/14/2011 in the Registry of Deeds for the County of Jones, North Carolina, which Property may also now or formerly be known as 10860 US Highway 17 S, Pollocksville, NC 28573, which Property had a value of $80,000.00, as of the petition date.

4. The Debtor could claim an exemption in the Property in the amount of $35,000.00 pursuant to N.C.G.S. § 1C-1601(a)(1) if there were no liens on the Property.

5. The Property is encumbered by liens (other than the subject judicial lien), which secure indebtedness with unpaid balances as of the Petition Date, as follows:

| Name of Creditor Holding Lien | Type of Lien | Unpaid Balance As of Petition Date |
|---|---|---|
| 21st Mortgage Corporation | Deed of Trust | $44,759.02 |
| | Total Unpaid Balance of Liens: | $44,759.02 |

6. Carolina Windows & Doors, Inc. ("Creditor") holds a judicial lien against the Debtor's interest in Property pursuant to a judgment as referenced in file number 21-CVM-000006 in the Office of the Clerk of Court of Jones County in the amount of $7,797.40, plus interest.

7. The balance owing to the Creditor with respect to the judicial lien, together with interest, as of the Petition Date, was approximately $8,708.31.

8. Pursuant to 11 U.S.C. § 522(f)(2)(A), "a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens."

9. As to the Property, the total aggregate of the liens of $53,467.33 and the value of the exemption the Debtor "could claim" of $35,000.00 is equal to $88,467.33, which exceeds the value of the Debtor's interest in the Property by $8,467.33. Because the sum is less than the amount of the $8,708.31 judicial lien sought to be avoided, such lien may be avoided pursuant to 11 U.S.C. § 522(f)(1) to the extent of $8,467.33, and the rest of the judicial lien ($240.98) remains in effect.

10. Pursuant to Local Bankruptcy Court Rule 2016-1(a)(6), an additional presumptive attorney fee will be approved to pay for the services necessary to process this motion and the ensuing order.

Therefore, it is

**ORDERED** that the judicial lien held by Carolina Windows & Doors, Inc., as referenced in file number 21-CVM-000006 in the Office of the Clerk of Court of Jones County, be, and hereby is, **AVOIDED AND CANCELLED**, effective upon the entry of the Debtor's discharge, **to the extent that the amount of $8,467.33** of the judicial lien shall have NO further force and effect against the Property unless this case is dismissed and the judicial lien reinstated pursuant to 11 U.S.C. § 349(b)(1)(B), and by virtue of such avoidance, the judicial lien be and hereby is reduced to **$240.98**, which reduction shall be deemed effective retroactively to 08/17/2022 (the date this bankruptcy case was filed), as against the Property, with the balance thereof remaining as a lien against the Property to the extent enforceable under state law; and it is further

**ORDERED** that an additional attorney fee, payable to the Law Offices of John T. Orcutt, P.C., in the sum of **$500.00**, to be paid by the Chapter 13 Trustee as an administrative expense, is approved.
.

**END OF DOCUMENT**